UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10394
Summary Calendar
_____

JONATHAN KEY,

                                        Plaintiff-Appellant,

versus

DAN MORALES,

                                              Defendant,

WAYNE GAY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

(4:93-CV-785-E)
_____

January 8, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

      Jonathan Key appeals the district court's dismissal of Wayne
Gay on qualified immunity grounds from his civil rights action.[2]
He failed, however, to state a cognizable claim under 42 U.S.C. §
1983, because he failed to demonstrate that he, as a former student
at the University, possessed either a liberty interest or property

_____

[1]      Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

[2]      Defendant Dan Morales was also dismissed, and that dismissal
is not challenged on appeal.

interest in moving freely about the campus of the University of Texas at Arlington.

Because it was never raised before the district court, Key's contention that he had legitimate business on campus is reviewable only for plain error. *United States v. Calverly*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (if appellant shows clear or obvious error that affects his substantial rights, appellate court has discretion to correct errors that seriously affect fairness, integrity, or public reputation of judicial proceedings) *cert. denied* __ U.S. __, 115 S. Ct. 1266 (1995); *see also, Highland Ins. v. National Union Fire Ins.*, 27 F.3d 1027 (applying same standard in civil case), *cert. denied* ___ U.S. ___, 115 S. Ct. 903 (1995). Moreover, because the nature of the alleged error is that the district court erred on a question of fact, the possibility that such a finding could rise to the level of "obvious" error required to meet the *Calverly* standard is remote. *United States v. Vital*, ___ F.3d ___, 1995 WL 613322, *3 (5th Cir 1995). We find no basis to conclude that this case provides an exception to that rule.

Because Key has failed to state a constitutional violation, his request for injunctive relief is moot.[3]

For the foregoing reasons the judgment is

**AFFIRMED.**

---

[3] In view of this disposition of his appeal and the lack of complexity of the case, Key's motion for appointment of counsel is **DENIED.**

- 2 -